Jason E. Baker (197666)
Brent Jex (235261)
**KEEGAN & BAKER, LLP**
6255 Lusk Boulevard, Suite 140
San Diego, California  92121
Telephone:  (858) 558-9400
Facsimile:   (858) 558-9401

Attorneys for Defendants (Special Appearance)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TORAH ED. & SCHOLARSHIP FUND, INC.<br><br>Plaintiff,<br><br>vs.<br><br>SOLOMON CAPITAL, LLC, et al.<br><br>Defendants. | CASE NO. CV-13-4330-DSF-PLA<br><br>**(SPECIAL APPEARANCE)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>[FRCP 12(b)(1), (2) & (5) and FRCP 4(m)].<br><br>Date:       January 6, 2014<br>Time:       1:30 p.m.<br>Judge:      Hon. Dale S. Fischer<br>Courtroom: 840 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2014, at 1:30 p.m. in Courtroom 840 of the above-entitled court located at 312 North Spring Street, Los Angeles, CA  90012, Defendants (the "Sharbat Defendants") will and hereby do seek a Motion to Dismiss the verified Complaint pursuant to FRCP 12(b)(1), (2) & (5) and FRCP 4(m).

The Motion will be based on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Solomon Sharbat and such other and further evidence as the Court may consider at the hearing on this Motion.

Dated: November 19, 2013    By:    s/Jason E. Baker, Esq.
                                   Jason E. Baker
                                   Brent Jex
                                   Attorneys for Defendants
                                   (Special Appearance)

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION

Defendants (the "Sharbat Defendants") hereby submit this Memorandum of Points and Authorities, through counsel specially appearing for purposes of this motion, in support of their motion to dismiss the Verified Complaint. This action should be dismissed for lack of subject matter jurisdiction because Solomon Sharbat is a citizen of the United States but permanently resides in Israel. Complete diversity is therefore lacking under 28 U.S.C. § 1332. Additionally, the case should be dismissed for lack of personal jurisdiction because none of the Defendants have sufficient minimum contacts with California for the Court to exercise personal jurisdiction over these Defendants. Finally, the action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) and FRCP4(m) because, Sharbat individually and on behalf of the Defendants, was never served in Israel pursuant to the Hague Convention, as required.

### II. STATEMENT OF FACTS

This case arises from a dispute about certain stock proceeds from a company called Perf-Go Green, Inc. ("PCOG"). Plaintiff, a purported foundation created and operated by Plaintiff's counsel, claims that 250,000 shares of PCOG stock were due to Plaintiff, but not properly delivered by Defendant Solomon Capital, LLC. As a result of the fallout of that purported business transaction, Plaintiff sued Defendants

on May 29, 2013 in the United States District Court for the Southern District of New York, No. 13 CIV 3619 (Sullivan) (the "New York Action"). The New York Action is still pending and jurisdiction and service issues are still to be decided.

In this action, Plaintiff seeks *in rem* jurisdiction to attach certain other assets of Defendants as a potential source of recovery pending resolution of the New York Action, namely potential debt and equity instruments of, and other monies due from, Genesis Biopharma, Inc., a Nevada corporation that is purportedly qualified to do business in California and MBA Holdings, LLC, a California limited liability company, due to any of the Defendants.

As declared in the accompanying Declaration of Solomon Sharbat, none of the Defendants conduct any business or have any of the traditional minimum contacts with the State of California. The only real connection to California is ownership of stock in a Nevada company that is qualified to do business in California.

Additionally, Solomon Sharbat is a United States citizen who permanently moved his residence to Israel in the summer of 2010. He resides with his parents in an apartment in Tel Aviv, nearby extended family. He votes in Israel, has an Israeli driver's license and would pay taxes in Israel were he not exempt until 2020 as a new immigrant. His only active bank accounts are in Israel. He no longer has any real ties to the United States (other than business contacts). In short, since 2010, Mr. Sharbat has totally permanently moved his life to Israel.

Indeed, Mr. Simon Schwarz, counsel to United Torah, *formerly Mr. Sharbat's counsel in another action*, acknowledges in paragraph 11 of the Verified Complaint that "SHARBAT has not returned or visited the United States since his relocation and is now domiciled in Israel." Thus, Mr. Sharbat's domicile should not be in dispute and the only question, is whether there is diversity jurisdiction under 28 U.S.C. § 1332.

On June 27, 2013, Plaintiff attempted to have Joseph Katz of Kings New York serve the summons and complaint in this action on Mr. Sharbart in Tel Aviv Israel, personally and on behalf of the Defendants. The affidavits of service submitted by Plaintiff in this action [ECF Doc. 22], purportedly completed nearly five months ago, demonstrate that service was not compliant with the Hague Convention, as required.

### III.
### ARGUMENT

**A. This Court Lacks Subject Matter Jurisdiction Against a US Citizen Who Permanently Resides In Israel**

To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. To be a "citizen of a State," a person must be both a citizen of the U.S. and domiciled in one particular state. [Newman-Green, Inc. v. Alfonzo–Larrain (1989) 490 US 826, 828, 109 S.Ct. 2218, 2221; Brady v. Brown (9th Cir. 1995) 51 F3d 810, 815]. Thus, a U.S. citizen who lives abroad permanently (not domiciled in the U.S.) is not a "citizen of a State" for diversity

5

purposes. Such "stateless citizens" cannot sue or be sued in federal court on the basis of diversity jurisdiction. [Newman-Green, Inc. v. Alfonzo–Larrain, supra; Coury v. Prot (5th Cir. 1996) 85 F.3d 244, 248].

Here, Solomon Sharbat, a U.S. citizen, moved to Israel in 2010, where he still resides with his parents and extended family. Indeed, the Verified Complaint acknowledges that Defendant Sharbat ". . . .is now domiciled in Israel." [Cmplt ¶ 11]. As such, Mr. Sharbat is not a citizen of any State of the United States, complete diversity is lacking and this action should be dismissed.

**B. Defendants Ownership Of Stock In A Nevada Corporation That Is Qualified To Do Business In California Is Not A Sufficient Minimum Contact To Exercise Personal Jurisdiction Over Defendants**

There is no contention in the Verified Complaint that Defendants have sufficient minimum contacts with the State of California for this Court to exercise personal jurisdiction over these Defendants. Instead, Plaintiff contends *in rem* jurisdiction is sufficient for this Court to exercise jurisdiction over Defendants' property, even if that property is not the subject of the underlying dispute in the New York Action.

The mere fact that property is located within a forum state may not by itself be a sufficient "contact" to support personal jurisdiction over a nonresident defendant as to unrelated matters. [Shaffer v. Heitner (1977) 433 US 186, 212, 97 S.Ct. 2569, 2584]. In Shaffer, the Supreme Court concluded that a forum court could not grant relief based solely on a levy upon the defendants' shares of stock in

Defendants Notice of Motion and Motion to Dismiss (Special Appearance)

a local corporation in a shareholder's suit against nonresident corporate officers for breach of fiduciary duty occurring in another state. Id. Essentially, because the shares of stock were not the subject of the lawsuit; and there were no other "contacts" with the nonresident defendant, the forum state did not have sufficient minimum contacts with the forum state for the Court to exercise personal jurisdiction. [Shaffer v. Heitner, supra, 433 US at 213, 97 S.Ct. at 2584].

Here, the facts are quite similar. The only allegations related to California are that there are potential debt and equity instruments in California that are separate from and unrelated to the New York Action, that could serve as a source of recovery in the New York Action. No other connection to California is alleged. Without having any other minimum contacts with California other than mere stock ownership, the Court does not have personal jurisdiction over the Defendants and this action must be dismissed.

### C. Shomo Sharbat Personally And On Behalf Of Each Entuty Defendant Was Served In Violation Of The Hague Convention And Therefore Service Was Invalid And Ineffective.

Assuming, *arguendo*, subject matter and personal jurisdiction are established, due process requires that defendants be afforded notice of proceedings involving their interests and an opportunity to be heard through proper service of a summons. Where state or federal statutes authorize service of summons in foreign countries, service may be made in the manner provided by such statutes ... subject, however, to the limitations of the Hague Convention [FRCP 4(f)]. California's service

procedures are also expressly subject to the Hague Convention limitations [Calif. Code of Civil Pro. § 413.10(c)].  In fact, compliance with the Hague Convention is mandatory in all cases to which it applies.  [Volkswagenwerk Aktiengesellschaft v. Schlunk, (1988) 486 U.S. 694, 705].   Actual notice of the action does not satisfy the requirement of actual service of a summons and complaint. [Renoir v. Redstar Corp. (2004) 123 Cal.App.4th 1145; In re Vanessa Q. (2010) 187 Cal.App.4th 128].

Israel is a member of the Hague Convention and has ratified Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Such section requires service on a person in Israel through appropriate government channels called a "Central Authority." [See Caruso Glynn, LLC v. SAI Trust, 2012 U.S. Dist. LEXIS 134345 (S.D.N.Y. July 9, 2012)). See Friedman v. Israel Labour Party, 1997 U.S. Dist. LEXIS 9204, 7-8 (E.D. Pa. July 2, 1997) (Israel member of Hague and does not permit personal delivery of US process in Israel).  See also Papir v. Wurms, 2005 U.S. Dist. LEXIS 2201, 10-11 (S.D.N.Y. Feb. 15, 2005)].

Here, Plaintiff, with full knowledge that Mr. Sharbat was domiciled in Israel, purported to serve SOLOMON SHARBAT, individually and on behalf of the Sharbat Parties, personally in Tel Aviv, Israel on June 27, 2013.  [ECF No. 22]. Plaintiff's proof of service makes no mention of use of a Central Authority in Israel, compliance with the Hague Convention or use of an expert process service familiar with the Hague Convention.  Instead, Plaintiff purported to serve Defendants

personally in Tel Aviv through use of a King County, New York process server who apparently flew to Israel. Thus, without use of a Central Authority in Israel or other compliance with the Hague Convention, Plaintiff's service is not compliant with FRCP 4(f) and service of the summons, complaint and writ of attachment motion was invalid and ineffective. Consequently, the Verified Complaint should be dismissed and all action resulting therefrom vacated.

## IV.
## CONCLUSION

For the foregoing reasons, the Verified Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(1), (2) and (5) and all action resulting therefrom vacated.

Dated: November 19, 2013        By:     s/Jason E. Baker, Esq.
                                        Jason E. Baker
                                        Brent Jex
                                        Attorneys for Defendants
                                        (Special Appearance)