Simon Schwarz, Esq.  *Pro Hac Vice*
Attorney for Plaintiff
954 Lexington Ave., No. 261
New York, NY 10021-5013
Tel.:     347-852-3514
E-mail: sschwarz@justice.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

……………………………………..……...X
UNITED TORAH  EDUCATION           )
& SCHOLARSHIP FUND, INC.,          )
a Florida non for profit corporation,       )       **Case No. CV 13-4330-DSF (PLAx)**
                                                                     )
                         Plaintiff,                   )
              -against-                                  )
SOLOMON CAPITAL LLC, a New York   )
Limited Liability Company, SOLOMON   )
CAPITAL 401(k) TRUST, a New York      )
qualified retirement trust, SOLOMON      )
CAPITAL LIVING TRUST, a New York   )
qualified retirement trust, SOLOMON      )
CAPITAL ADVISORS INC., a New York  )
Corporation, SOLOMON PARTNERS LLC, )
a New York Limited Liability Company,   )
ADVANTAGE PREMIUM FUNDING         )
LLC, a New York Limited Liability Company)
SOLOMON SHARBAT, an individual       )
now domiciled and residing in Israel, and    )
JOHN DOES 1-100, fictitious persons, and  )
XYZ CORPS. 1-100, fictitious entities,      )
                                                                     )
                         Defendants.              )
...................................................................X

**DECLARATION OF SIMON SCHWARZ IN RESPONSE TO
IN CHAMBERS ORDER TO SHOW CAUSE DATED NOV.19, 2013
<u>RE DISMISSAL FOR LACK OF PROSECUTION</u>**

   **I, SIMON SCHWARZ**, state as follows:

   1.     I am the attorney for the Plaintiff, UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC. ("plaintiff" or "UNITED TORAH"), a Florida not-for-profit corporation.

1

2. I make this declaration in response to the (in chambers) Order to Show Cause ("OSC") re dismissal for lack of prosecution entered November 20, 2013, in which, the Court, on its own motion, ordered plaintiff to show cause in writing on or before Monday, December 2, 2013, why this action should not be dismissed as to the applicable defendant(s) for lack of prosecution (see DE # 24). The OSC further indicates that the filing of an appearance by all defendants who have been served or an application by the plaintiffs for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on or before December 2, 2013 will constitute a satisfactory response to the Order to Show Cause[1].

3   As will be explained below, however, neither personal service on the defendants, nor their appearance, nor a default judgment in favor of plaintiffs is required or appropriate in this *quasi in rem* case, which is limited only to seeking attachment relief against property located in this district that belongs to defendants, but presently being held by two companies doing business here, based on the Court's *quasi in rem* jurisdiction to attach and seize such property, as security for a judgment of probable validity in an *in personam* action now pending against the same defendants in the Federal District Court of the Southern District of New York. This is not an *in personam* action seeking a money judgment or other personal relief against the defendants, or any one of them, and Rules 4(m), 12(a)(1) are not applicable in this case. *See* Rule 4(n).

4. Consequently, simultaneous with the filing of the complaint in this action (DE # 1), plaintiff, on June 18, 2013, filed a motion for an ex-parte attachment (DE ## 5-8). On July 16, 2013, the Honorable Paul L. Abrams, United States Magistrate Judge granted plaintiff's motion for a right to attach order without a hearing (DE # 17), in accordance with due process and state

---

[1] In entering the order to show cause *sua sponte*, the Court refers to (i) Fed. R. Civ. Proc. 4(m), which requires dismissal of an action without prejudice if the summons and complaint are not served on a defendant within 120 days after the complaint is filed, absent a showing of good cause, and (ii) to Fed. R. Civ. Proc. 12(a)(1), which gives the defendants must answer the complaint within 20 days after service.

law, after the plaintiff had filed proof of service of the attachment papers on July 3, 2013 (DE # 14) pursuant to Mag. Judge Abram's initial order of denial without prejudice dated June 20, 2013, but the defendants nevertheless defaulted in appearing or filing any opposition papers required by the said order.

5.   The July 16, 2013 Order, further directed that plaintiff file an undertaking in the amount of $10,000 required by Cal. Civ. Proc. Code § 489.220, and further, "at the time of the filing of the undertaking, submit proposed Right to Attach Orders and Orders for Issuance of Writ of Attachment (AT-130), fully consistent with this Order.(DE #17)"

6.   Due largely to a default in New York opened up by the defendants, any hopes for an early registration after 30 days of a New York judgment in California, and its enforcement without the need for an attachment, plaintiff has only recently, on November 14, 2013, put up a $10,000 cash bond (DE # 20) and presently awaits the actual right to attach order and writ of attachment to be served on two third party companies doing business in this district (*see* DE # 21).

7.   Accordingly, dismissal of this action is not warranted at this juncture for lack of prosecution until Mag. Judge Abrams has had the opportunity to resolve all attachment related matters, the actual attachment of assets has been effected by the Marshall, and an attachment actually issued has been finally dissolved upon motion of either party, in accordance with the California attachment statute.

### A. NEITHER SERVICE OF PROCESS, NOR AN ANSWER NOR A DEFAULT JUDGMENT IS NECESSARY/APPROPRIATE IN THIS *QUASI IN REM* ACTION, LIMITED TO ATTACHMENT RELIEF ONLY, BASED ON PROPERTY OF THE DEFENDANTS LOCATED IN THIS DISTRICT

8.   This *quasi in rem* action was commenced on June 17, 2013 and, although not required, service of the summons and complaint on each of the six named defendants was made

3

on June 28, 2013 by personal delivery to Solomon Sharbat, individually, and as president, sole shareholder, managing member and/or trustee of each respective entity defendant (DE # 22). Indeed, proof of service was not filed until Nov. 18, 2013 (*id.*), and only in response to the Court's earlier in chambers order to show cause dated October 23, 2013 requesting such filing or risk having the action dismissed for lack of prosecution (DE # 18). In fact, no appearance had been filed by any of the defendants until a motion to dismiss for lack of purported diversity jurisdiction was filed on behalf of all the defendants on Nov. 19, 2013 (DE # 23), long after the time to do so had expired, and no default judgment had been sought by plaintiff, for the reasons more fully addressed below in this limited *quasi in rem* action seeking attachment relief only.

      9.      No personal service on the defendants is required in this action under Fed. R. Civ. Proc. 4(n)(2), and no default judgment is applicable here, because, as more fully explained below, the action is not predicated on the Court obtaining *personal jurisdiction* of the defendants and does not seek a money judgment or other personal relief against the defendants, as most civil actions do.[2] Rather, it is a limited *quasi in rem* action, invoking the Court's *in rem* jurisdiction over assets belonging to the defendants, all of whom concededly reside in Israel are licensed to do business in New York or conduct business *de facto* in Israel, that are presently being held by two companies doing business in this district for attachment and seizure only, in accordance with Fed. R. Civ. Proc. 4(n)(2), 64[3] and the California *quasi in rem* attachment statute for nonresidents.

---

[2] Service of process, of course, constitutes the vehicle by which the court obtains personal jurisdiction. *See e.g. Robertson v. Railroad Labor Bd.,* 268 U.S. 619, 622, 45 S.Ct. 621, 622-23, 69 L.Ed. 1119 (1925) (a federal court cannot acquire personal jurisdiction over a defendant unless the defendant is properly served with process). As explained above, service of process, however, does not constitute the vehicle by which the court obtains *in rem* or *quasi in rem* jurisdiction.

[3] The effect of Fed. R. Civ. Proc. 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*

10. Thus, although the Court has no personal jurisdiction over the defendants, it may exercise jurisdiction *in rem* over the property located in this district without first obtaining personal jurisdiction over any of the claimants of ownership thereto. The basis for *quasi-in-rem* jurisdiction is "the court's power over property within its territory,"[4] including intangible property,[5] and "[t]he effect of a judgment in such a case is limited to the property that supports jurisdiction," thereby assuring plaintiff that a resulting judgment will be good at least to the extent of the seized property.[6] In fact, the California nonresident statute is predicated on the assertion of *quasi in rem* jurisdiction by proceeding with attachment of defendant's property within California.[7]

11. Although that statute provides for *ex-parte* attachments, as the plaintiff sought in its application for a right to attach order (DE #5), plaintiff's application was initially denied in the June 20, 2013 Order of Mag. Judge Abrams (DE # 12) without prejudice. There, Mag. Judge Abrams found that plaintiff had not demonstrated irreparable harm would result to plaintiff if issuance of the order was delayed until the matter could be heard on notice, and set an attachment hearing for July 16, 2013. *Id*. Mag. Judge Abrams further ordered that no later than July 1, 2013, plaintiff submit to the Court proof that the Application and all related documents had been served on and received by Solomon Sharbat, as well as any registered agent for service

---

*Co*., 415 U.S. 423, 436 n. 10, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *see also Reebok Int'l, Ltd. v. Marnatech Enters., Inc*., 970 F.2d 552, 558 (9th Cir.1992) (discussing Rule 64).

[4] *Shaffer v. Heitner*, 433 U.S. 186, 199, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

[5] *Harris v. Balk,* 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905).

[6] *Shaffer,* 433 U.S. at 199, 97 S.Ct. 2569, 53 L.Ed.2d 683.

[7] *Root v Superior Court*, 209 CA2d 242, 246(1962).

of any entity defendant that had a registered agent. *Id*. The June 20, 2013, Order also directed that an opposition to the Application, if any, be filed by defendants no later than July 5, 2013, and advised that the failure to file an opposition would be construed as consent to an attachment order being entered. *Id*.

12. On July 3, 2013, plaintiff filed proof that the Application and all related documents had been personally served on and received by Sharbat on June 28, 2013 (DE # 14). On July 12, 2013, when defendants had not yet filed an opposition to the Application, the hearing scheduled for July 16, 2013, was ordered off calendar (DE #16). Indeed, in a subsequent order dated July 16, 2013, which granted plaintiff's Application for a right to attach order (DE #17) without a hearing, Mag. Judge Abrams found that "despite personal service on Sharbat, defendants have not filed an opposition to plaintiff's Application, which the Court deems consent to the granting of the Application. See Local Rule 7-12."

13. In short, the only service actually required in this *quasi in rem* action was the service of the attachment papers required by the June 20, 2013, Order, in accordance with due process and the Californian attachment statute. No service of process was required in this action. Nevertheless, as a precautionary but entirely superfluous measure, the Summons and Complaint in this action were served on all the defendants together with the attachment motion papers by personal service on Sharbat in Israel on June 28, 2013 as sole shareholder, managing member and /or trustee of each of the alter ego defendants (DE #22). They were filed only in response to the Court's first order to show cause.

### 1. The *In Personam* NY Federal Action for a Money Judgment against the Same Defendants

14. In this case, on May 29, 2013, plaintiff commenced an action for a money judgment against the same defendants herein, in the Federal District Court for the Southern

District of New York, No. 13 CIV 3619 (RJS) (the "NY Federal Action"). That action, predicated on the personal jurisdiction of the defendants in that district, alleges that defendant Solomon Capital LLC ("Solomon Capital") failed to pay certain stock sale proceeds to plaintiff totaling $685,040.00, as required by a letter agreement between plaintiff and Solomon Capital, resulting in a breach of contract, breach of trust and fiduciary duty, fraud and conversion of trust funds held in an agency capacity and belonging to plaintiff. The NY Federal Action further seeks joint and several liability against defendant Solomon Sharbat personally ("Sharbat") and the other named entity defendants as alter egos of Solomon Capital. The NY Federal Action is presently being litigated by the parties.

**2. This Quasi In Rem Action Seeks Only Attachment Relief As to Defendants' Assets Presently Held by Third-Parties in this District to Secure A Judgment of Probable Validity in the NY Federal Action**

15. Shortly thereafter, on June 18, 2013, Plaintiff commenced this limited *quasi in rem* action for the sole purpose of obtaining an attachment and seizure of assets belonging to the above defendants, but presently being held by two third-parties doing business within this district. The attachment is sought strictly as security for satisfaction of a potential monetary judgment up to the value of such property of probable validity, not to exceed $757,040.00, that will likely be rendered in the pending *in personam* NY Federal Action. Pursuant to Fed.R.Civ.P. 64, Plaintiff invoked the *quasi in rem* jurisdiction of this Court under Fed.R.Civ.P. 4(n)(2), which permits it to attach and seize the defendants' property found in the Central District of California, under the circumstances and in the manner provided by state law, namely, C.C.P. §§ 492.010-492.090, entitled "Nonresident Attachment. " See DE #1, Compl.-Jurisdiction and WHEREFORE clauses)

16. Not surprisingly, simultaneous with the filing of the Summons and Complaint, plaintiff also filed on June 18, 2013 an Ex Parte Application for a Right to Attach Order and for the Issuance of a Writ of Attachment (*see* DE ## 5-8) as to the assets of any or all of the defendants in this action who concededly either reside or conduct *de facto* business in Israel, up to the readily ascertainable amount of $757,040.00, pursuant to the California nonresident attachment statute, Cal. Civ. P. Code ("C.C.P.") §§ 492.010-492.090. Specifically, the Application sought to attach securities and other liquid personal property owned by any or all of the defendants but currently held by Genesis Biopharma Inc.("Genesis") or MBA Holdings Ltd.("MBA Holdings")-- both of which have their principal place of business in the Central District of California -- or owed to any or all of the defendants by Genesis and MBA Holdings, pending a potential judgment of "probable validity" in the action currently pending in the Southern District of New York. *Id*., ¶¶ 26-27; Ex Parte Application, ¶¶ 1, 10.

17. As Mag. Judge Abrams summarized in his July 16, 2013, Order granting plaintiff's Application for a Right to Attach Order (DE # 17):

> Plaintiff contends that although this Court lacks personal jurisdiction over defendants, it may obtain quasi in rem jurisdiction over defendants by seizing their property found in the Central District of California. Plaintiff argues that because there is a pending case in the Southern District of New York -- where in personam jurisdiction over defendants exists -- which seeks a judgment based on the same allegations as those in the Verified Complaint filed in this Court, attachment in this District for security purposes does not raise the same due process concerns as implicated by attachment for jurisdictional purposes. (Application Memorandum, at 3-7).
>
> Here, plaintiff has a pending action in the United States District Court for the Southern District of New York in which it is seeking a judgment against defendants based on the same allegations as those in the Verified Complaint filed in this Court. (See U.S. District Court, Southern District of New York, Case No. CV 13-3619-RJS, Docket No. 1). Plaintiff contends that, in anticipation of the judgment in that case, "this Court may obtain quasi in rem jurisdiction over the nonresident defendants[] by seizing their substantial assets located in California

>for security purposes ......" (Application Memorandum, at 3). …..The Court agrees and finds quasi in rem jurisdiction proper under the circumstances presented.

18. Mag. Judge Abrams thus concluded that this Court's Exercise of *quasi-in-rem* jurisdiction is appropriate to seize defendants' Californian assets and to secure a judgment of probable validity in pending New York action where personal jurisdiction lies against the defendants. Mag. Judge Abrams reasoned that although the Supreme Court in *Shaffer v. Heitner*, *supra*, significantly limited the use of property of the defendant fortuitously located in a forum as a basis for *quasi in rem* jurisdiction, generally subjecting it to the same "minimum contacts" requirement as *in personam* jurisdiction, *Shaffer* recognized in *dicta* that attachment for security purposes pending actual litigation on the merits in a proper out-of-state forum where *in personam* jurisdiction exists, as plaintiff seeks in the case at bar, and it does not therefore raise the same due process concerns as are implicated by attachment for jurisdictional purposes.[8] Since *Shaffer*, a considerable number of courts have adopted this reasoning.[9] In this case, too, Mag. Judge Abrams concluded that plaintiff's attachment application did not run afoul of *Shaffer*'s "security" exception. That holding is now the law of the case. [10]

---

[8] "[A] State in which property is located should have jurisdiction to attach that property, by use of proper procedures, as security for a judgment being sought in a forum where litigation can be maintained consistently with *International Shoe*." *Shaffer*, 433 U.S. at 210, 97 S.Ct. 2569.

[9] *Carolina Power & Light Co. v. Uranex,* 451 F.Supp. 1044, 1049 (N.D.Cal.1977);*Barclays Bank. S.A. v. Tsakos,* 543 A.2d 802 (D.C. Cir. 1988); *National Union Fire Ins. Co. of Pitts. v. Kozeny*, 115 F. Supp. 2d 1231 (D. Colo. 2000); *Cameco Indus., Inc. v. Mayatrac, S.A.,* 789 F.Supp. 200 (D.Md.1992) *Sojitz Corp. v. Prithvi Info.*, 82 A.D. 3d 89 (1st Dept. 2011). *See also Glencore Grain v. Shivnath Rai Harnarain*, 284 F. 3d 1114, 1123 (9th Circuit 2002).

[10] Mag. Judge Abrams further found that (i) plaintiff has satisfactorily complied with all requirements of California's non-resident attachment statute, Cal. Civ. Proc. Code § 492.030(a), (ii) that the alter ego doctrine is applicable in this case under California law, as to Sharbat personally and all of the entity defendants, and (iii) that the *in personam* NY Federal Action against all defendants has probable validity on the merits. Therefore, he granted plaintiff's Application for a right to attach order and for issuance of a writ of attachment as to the property of Sharbat and the entity defendants, jointly and severally, in the total amount of $757,040.

19. In short, even after attachment and seizure has been fully effectuated against assets belonging to the defendants that are sufficient to satisfy a probable judgment in the New York Federal Action, until the New York Action[11] based on *in personam* jurisdiction of the defendants is concluded, this Court should hold this action open and continue to exercise its *quasi in rem* jurisdiction herein under the California attachment and seizure statute under the *Shaffer* "security" exception until the New York action has been completed and the registration of a judgment entered in that case has been effected in California. Clearly, Fed. R. Civ. Proc. 4(m) and Fed. R. Civ. Proc. 12(a)(1) cited in the (in chambers) Order to Show Cause, apply to *in personam* actions only, and are inapplicable to this case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed at New York, New York on December 2, 2013

_____
Simon Schwarz, Esq.

---

[11] I note in passing that plaintiff's Motion to Dismiss filed by defendants in the NY Action based on Sharbat's purportedly being a dual American-Israeli citizen domiciled in Israel which is sufficient to defeat diversity has no impact on this action. Even if defendants' motion was meritorious, and we think not, plaintiff would immediately refile an identical action in New York State court, which clearly has personal jurisdiction over Sharbat and no diversity is required. Mag. Abrams' order was predicated on the merits of the action itself, not on the diversity issue, and the Court has *in rem* jurisdiction herein irrespective of whether or not the NY action is litigated in federal court or state court.