UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–4330 DSF (PLAx) | Date | 12/18/13 |
|---|---|---|---|
| Title | United Torah Education & Scholarship Fund, Inc. v. Solomon Capital, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 23)

    Plaintiff United Torah Education & Scholarship Fund, Inc. filed this action for attachment and seizure of assets based on an alleged breach of contract. Defendants move to dismiss the Complaint under a variety of theories.[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 6, 2014 is removed from the Court's calendar.

    The Court need not reach each of Defendants' arguments because the Court does not have subject matter jurisdiction over this action, which was filed on the basis of diversity jurisdiction.[2] Defendant Solomon Sharbat, who formerly resided in New York, moved to Tel Aviv, Israel on or about January 2010 and is now domiciled in Israel.[3] (Docket No. 1 (Compl.) ¶ 11; Mot. to Dismiss 3-4.) United Torah alleges "upon information and belief" that Sharbat subsequently became a citizen of Israel. (Compl. ¶ 11.) Sharbat declares that he is a United States citizen currently domiciled in Israel, but he does not make clear whether he is also a dual Israeli citizen. (See Decl. of Solomon Sharbat ¶¶ 3-4.)

---

[1] United Torah has not filed an opposition to this motion to dismiss.

[2] The Complaint does not state a basis for subject matter jurisdiction, but diversity is the only potentially applicable jurisdictional basis. The Complaint does not raise a federal question.

[3] The Complaint was filed on June 17, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Regardless of whether Sharbat is a dual citizen or solely a citizen of the United States, his presence defeats complete diversity. The Supreme Court, interpreting 28 U.S.C. § 1332, has held that a United States citizen domiciled abroad is "stateless" and is therefore not diverse for purposes of 28 U.S.C. § 1332(a)(3). Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989). The Supreme Court has not addressed whether this rule also applies to *dual* citizens domiciled abroad, but "there is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332. "Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996) (reasoning that "the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens"); see also Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008) ("[I]f [a dual citizen] was domiciled abroad at the time her Complaint was filed, she would not be a citizen of any state and diversity jurisdiction under § 1332(a)(1) would also fail."). Moreover, although in a different context, the Ninth Circuit has stated that "[o]nly the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." Sanchez v. Aerovias De Mexico, S.A. De C.V., 590 F.3d 1027, 1028 n.1 (9th Cir. 2010) (citation and quotation marks omitted). Sharbat's presence in this case therefore defeats complete diversity.

The case is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.