Jason E. Baker (197666)
Brent Jex (235261)
**KEEGAN & BAKER, LLP**
6255 Lusk Boulevard, Suite 140
San Diego, California 92121
Telephone: (858) 558-9400
Facsimile: (858) 558-9401

Attorneys for Defendants (Special Appearance)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TORAH ED. & SCHOLARSHIP FUND, INC.<br><br>Plaintiff,<br><br>vs.<br><br>SOLOMON CAPITAL, LLC, et al.<br><br>Defendants. | CASE NO. CV-13-4330-DSF-PLA<br><br>**(SPECIAL APPEARANCE)**<br><br>**OPPOSITION TO MOTION TO VACATE JUDGMENT OF DISMISSAL , RESTORE CASE TO CALENDAR AND DENY MOTION TO DISMISS**<br><br>Date: February 24, 2014<br>Time: 1:30 p.m.<br>Judge: Hon. Dale S. Fischer<br>Courtroom: 840 |

## MEMORANDUM OF POINTS AND AUTHORITES

### I.
### INTRODUCTION

Defendants (the "Sharbat Defendants") hereby submit this Memorandum of Points and Authorities, through counsel specially appearing for purposes of this motion, in Opposition to Plaintiff's Motion to Vacate this Court's Judgment of Dismissal, Restore Case to Calendar and Deny Motion to Dismiss. Plaintiff is

1

essentially seeking a reconsideration of this Court's Order of Dismissal.

Plaintiff's motion should be denied because (1) the Court's Order of dismissal was not based on a Plaintiff's mistake or inadvertence in failing to file an Opposition, but on the actual allegations made in the Complaint; and (2) Plaintiff's motion is not based on newly-discovered evidence.  In addition to lacking a sufficient basis to re-attack the ruling on subject matter jurisdiction, as set forth in the Motion to Dismiss (Docket No. 31), none of the Defendants had sufficient minimum contacts with California for the Court to exercise personal jurisdiction over these Defendants and Sharbat neither individually nor on behalf of the Sharbat Defendants, was ever served in Israel pursuant to the Hague Convention, as required for effective service of this action. As such, dismissal was proper.

## II.
## STATEMENT OF FACTS

This case arises from a dispute about certain stock proceeds from a company called Perf-Go Green, Inc. ("PCOG").  Plaintiff, a purported foundation created and operated by Plaintiff's counsel, claims that 250,000 shares of PCOG stock were due to Plaintiff, but not properly delivered by Defendant Solomon Capital, LLC.  As a result of the fallout of that purported business transaction, Plaintiff sued Defendants on May 29, 2013 in the United States District Court for the Southern District of New York, No. 13 CIV 3619 (Sullivan) (the "New York Action"). The New York Action is still pending and jurisdiction and service issues are still to be decided.

2
Defendants Opposition to Motion to Vacate Dismissal  (Special Appearance)

Complicating the New York Action is that Simon Schwartz, counsel for United Torah, has long been the counsel for the Sharbat Defendants.

In this action, Plaintiff seeks *in rem* jurisdiction to attach certain other assets of the Sharbat Defendants as a source of recovery pending resolution of the New York Action, namely potential debt and equity instruments of, and other monies due from, Genesis Biopharma, Inc., a Nevada corporation that is purportedly qualified to do business in California and MBA Holdings, LLC, a California limited liability company, due to any of the Defendants. These two investment assets have nothing to do with the underlying dispute in the New York Action.

As declared in the Declaration of Solomon Sharbat (Docket No. 23), he is a United States citizen who permanently moved his residence to Israel in the summer of 2010.  He resides with his parents in an apartment in Tel Aviv, nearby extended family.  He votes in Israel, has an Israeli driver's license and would pay taxes in Israel were he not exempt until 2020 as a new immigrant.  His only active bank accounts are in Israel.  He no longer has any real ties to the United States (other than business contacts).  In short, since 2010, Mr. Sharbat has totally permanently moved his life to Israel.  Plaintiff's Complaint confirms the same.[1]

---

[1] Indeed, Mr. Simon Schwarz, counsel to United Torah, *formerly Mr. Sharbat's counsel in another action*, acknowledges in paragraph 11 of the Verified Complaint that "SHARBAT has not returned or visited the United States since his relocation and is now domiciled in Israel." Thus, Mr. Sharbat's domicile should not be in dispute and the only question, is whether there is diversity jurisdiction under 28 U.S.C. § 1332.

Additionally, none of the Sharbat Defendants conduct any business or have any of the traditional minimum contacts with the State of California. The only real connection to California is ownership of stock in a Nevada company that is qualified to do business in California.

On June 27, 2013, Plaintiff attempted to have Joseph Katz of Kings New York serve the summons and complaint in this action on Mr. Sharbart in Tel Aviv Israel, personally and on behalf of the Defendants. The affidavits of service submitted by Plaintiff in this action [ECF Doc. 22], purportedly completed nearly six months ago, demonstrate that service was not compliant with the Hague Convention.

## III.
## ARGUMENT

### A. This Court Has Already Ruled That It Lacks Subject Matter Jurisdiction Against a US Citizen Who Permanently Resides In Israel

On December 18, 2103, the Court granted Defendants' motion to dismiss without oral argument, recognizing that a United States citizen domiciled abroad is "stateless" and is therefore not diverse for purposes of 28 U.S.C. §1332. Thus, this action has already been dismissed.

### B. The Order of Dismissal Was Not Based On Plaintiff's Mistake, Inadvertence or Excusable Neglect in Failing to File an Opposition

Plaintiff believes the Court dismissed the action because Plaintiff failed to timely file an Opposition. (Schwartz Dec. ¶31). However, the Court's Order of Dismissal was based upon the allegations of the Verified Complaint, namely

paragraph 11 in which Plaintiff alleges that Sharbat was a citizen of Israel and admits that he permanently resides in Israel – which was consistent with the testimony of Mr. Sharbat. As such, the Court need not evaluate any additional evidence because there clearly was no diversity for purposes of 28 U.S.C. §1332(a)(3). Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989).

### C. Plaintiff's Calendaring Error Does Not Provide a Basis for Relief

Plaintiff argues that his failure to file an Opposition was due to a calendaring error, which justifies reconsideration. (Schwartz Dec. ¶31). The Ninth Circuit recently held that neither a party's attorney's calendaring mistake nor his ignorance of the law in failing to file a timely opposition is valid grounds for relief under Federal Rule of Civil Procedure 60(b)(1). Rose v. Bonnet, 402 Fed.Appx. 226, 227 (9th Cir. 2010); see also Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004) ("parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)")]. Thus, Plaintiff counsel's admission that the reason no Opposition was filed was his calendaring error, does not relieve Plaintiff of this Court's Order of Dismissal.

### D. Plaintiff Has No Newly Discovered Evidence

Plaintiff attempts to offer new evidence in form of declarations about Sharbat's motives in returning to New York in the future. Putting aside the

impropriety of those declarations to establish Sharbat's current intent, these declaration are also not "newly discovered" evidence to cause the Court to reconsider the Order to Dismiss.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly-discovered evidence." The Court therefore may properly refuse to consider evidence that was available prior to the hearing. Publishers Resource, Inc. v. Walker–Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985); see Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142, fn. 6 (9th Cir. 1999).  In fact, Opposition which could have been presented at the original hearing is improper on a motion for reconsideration. Backlund v. Barnhart 778 F.2d at 1388 (9th Cir. 1985).

Here, Plaintiff makes no showing why the proffered evidence was not included within the allegations of the Verified Complaint or obtained in time for the Opposition.  As such, the evidence is not truly "newly discovered" and cannot form the basis for a reconsideration of this Court's Order of Dismissal.

    **E.    The Proffered Evidence Does Not Refute Sharbat's Evidence That He Intends to Remain In Israel Permanently**

Plaintiff offers declarations which try to establish that Sharbat intends to return to New York within five (5) years. The law is clear that where, here, there is no question that the plaintiff has moved his residence overseas, "a general intention of moving back to a place of residence, or a self-serving statement of intent, is insufficient to establish domicile." Herzberg v. MegaSpirea Prods. SAS, 2009 U.S.

Dist. LEXIS 26491, *6 - *9 (SDNY Mar. 10, 2009).[2]

While cleverly designed as purported admissions of Sharbat's intent, those declarations, if true, only show Sharbat's then stated *future* intent to return to New York. The declarations, which are not even date certain on the statements, do not refute Sharbat's *current* intent to remain in Israel permanently. (Sharbart Dec. ¶4; Docket No. 23). As such, there is no simply no evidence that Sharbat is not currently domiciled in Israel and currently intends to permanently remain in Israel and thus, no authority giving the Court jurisdiction because of a purported statement of future intent of residency.

### F. Plaintiff Also Lacks Personal Jurisdiction Over The Sharbat Defendants

As more detailed in Defendant's Motion to Dismiss, there is no contention in the Verified Complaint that Defendants have sufficient minimum contacts with the State of California for this Court to exercise personal jurisdiction over the Sharbat Defendants. The mere fact that property is located within a forum state may not by itself be a sufficient "contact" to support personal jurisdiction over a nonresident defendant as to unrelated matters. Shaffer v. Heitner (1977) 433 US 186, 212, 97 S.Ct. 2569, 2584.[3]

---

[2] In Herzberg, Mr. Herzberg had moved permanently to Israel but claimed an intention, eventually, to move back to the United States. The Court found such undefined, future intention to be insufficient to maintain US domicile.

[3] In Shaffer, the Supreme Court concluded that a forum court could not grant relief based

Here, the facts are quite similar. The only allegations related to California are that there are potential debt and equity instruments in California that are separate from and unrelated to the New York Action, that could serve as a source of recovery in the New York Action. No other connection to California is alleged. Without having any other minimum contacts with California other than mere stock ownership, the Court does not have personal jurisdiction over the Defendants and this action should remain dismissed.

### G. Shomo Sharbat Personally And On Behalf Of Each Entity Defendant Was Served In Violation Of The Hague Convention And Therefore Service Was Invalid And Ineffective.

Due process requires that defendants be afforded notice of proceedings involving their interests and an opportunity to be heard through proper service of a summons. Where state or federal statutes authorize service of summons in foreign countries, service may be made in the manner provided by such statutes ... subject, however, to the limitations of the Hague Convention [FRCP 4(f)]. California's service procedures are also expressly subject to the Hague Convention limitations [Calif. Code of Civil Pro. § 413.10(c)]. In fact, compliance with the Hague Convention is mandatory in all cases to which it applies. <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, (1988) 486 U.S. 694, 705. Actual notice of the

---

solely on a levy upon the defendants' shares of stock in a local corporation in a shareholder's suit against nonresident corporate officers for breach of fiduciary duty occurring in another state. <u>Id</u>. Essentially, because the shares of stock were not the subject of the lawsuit; and there were no other "contacts" with the nonresident defendant, the forum state did not have sufficient minimum contacts with the forum state for the Court to exercise personal jurisdiction. [<u>Shaffer v. Heitner</u>, supra, 433 US at 213, 97 S.Ct. at 2584].

action does not satisfy the requirement of actual service of a summons and complaint. Renoir v. Redstar Corp. (2004) 123 Cal.App.4th 1145; In re Vanessa Q. (2010) 187 Cal.App.4th 128.

Here, Plaintiff, with full knowledge that Mr. Sharbat was domiciled in Israel, purported to serve SOLOMON SHARBAT, individually and on behalf of the Sharbat Parties, personally in Tel Aviv, Israel on June 27, 2013.  [ECF No. 22]. Plaintiff's proof of service makes no mention of use of a Central Authority in Israel, compliance with the Hague Convention or use of an expert process service familiar with the Hague Convention.  Instead, Plaintiff purported to serve Defendants personally in Tel Aviv through use of a King County, New York process server who apparently flew to Israel. Thus, without use of a Central Authority in Israel or other compliance with the Hague Convention, Plaintiff's service is not compliant with FRCP 4(f) and service of the summons, complaint and writ of attachment motion was invalid and ineffective. Consequently, the Verified Complaint should remain dismissed.

## IV.
## CONCLUSION

For the foregoing reasons, the Verified Complaint should remain dismissed and Plaintiff's motion denied.



---

Dated: February 3, 2014       By:   s/Jason E. Baker, Esq.
                                     Jason E. Baker
                                     Brent Jex
                                     Attorneys for the Sharbat Defendants
                                     (Special Appearance)

10

Defendants Opposition to Motion to Vacate Dismissal (Special Appearance)