UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13–4330 DSF (PLAx) | Date | 2/18/14 |
| Title | United Torah Education & Scholarship Fund, Inc. v. Solomon Capital LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Vacate Judgment of Dismissal (Docket No. 44)

On December 18, 2013, the Court dismissed this case for lack of subject matter (diversity) jurisdiction. (Docket No. 31.) Ruling on Defendants' motion to dismiss, the Court found that Defendant Solomon Sharbat's status as a United States citizen domiciled abroad, in Israel, defeated complete diversity. Plaintiff United Torah Education & Scholarship Fund, Inc. (United Torah) moves to vacate that order and the subsequent judgment of dismissal. United Torah did not file an opposition to the motion to dismiss, but now wishes to put forward evidence that Sharbat is not domiciled in Israel. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 24, 2014 is removed from the Court's calendar.

United Torah moves pursuant to Federal Rule of Civil Procedure 60(b)(1), which allows the Court to relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." United Torah argues that its failure to file an opposition to the motion to dismiss was due to excusable neglect. But this is beside the point. The Court did not grant the motion to dismiss based on the lack of opposition, but on the merits of the diversity jurisdiction issue.[1] Indeed, the Court relied on the allegation in United Torah's Complaint that Sharbat "is now domiciled in Israel," (Compl. ¶ 1) – a judicial admission United Torah now apparently wishes to dispute. See

---

[1] United Torah's citations to cases in the context of vacating a default judgment are therefore inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them.")

In any event, the Court is not persuaded by United Torah's excusable neglect argument. United Torah contends that its failure to respond to Defendant's motion to dismiss was a result of "a calendaring error" and "a grueling work schedule" on the part of United Torah's counsel. (Mem. in Support of Mot. to Vacate 5.) But "attorney error is insufficient grounds for relief under . . . Rule 60(b)(1)." Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997); see also Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (citation and quotation marks omitted); Rose v. Bonnet, 402 F. App'x 226, 228 (9th Cir. 2010) ("The district court did not abuse its discretion in denying reconsideration because neither [appellant]'s counsel's calendaring mistakes nor his ignorance of the law in failing to file a timely opposition to defendants' motion for summary judgment established valid grounds for relief under Federal Rule of Civil Procedure 60(b)(1).") Indeed, United Torah's counsel concedes that he was aware that the motion to dismiss had been filed. (See Decl. of Simon Schwarz in Support of Mot. to Vacate ¶ 31.) United Torah's motion is DENIED.

IT IS SO ORDERED.